**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TRACY A. ALLRED,[1]
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
DC-0752-13-3062-I-1

DATE: June 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Tracy A. Allred, APO, APO/FPO Europe, pro se.

Bradley E. Eayrs, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Medical Command I v. Department of the Army*, MSPB Docket No. DC-0752-14-0162-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We MODIFY the initial decision to address the appellant's claim of harmful procedural error and to supplement the administrative judge's due process analysis regarding the deciding official's decisional independence.  Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant filed a Board appeal, challenging the agency's decision to furlough her for 6 days, and she requested a hearing.  Initial Appeal File (IAF), Tab 1; *see* IAF, Tab 5 at 6-9 (agency time cards), 10-11 (furlough Standard Form 50), 12-14 (notice of decision to furlough), 19-21 (notice of proposed furlough).  The appellant was informed that her appeal was consolidated with the appeals of similarly situated employees.  *Medical Command I v. Department of the Army*, MSPB Docket No. DC-0752-14-0162-I-1, Consolidated Appeal File (CAF), Tab 1.  The appellant alleged that the agency's action constituted harmful procedural error and a violation of due process.  *See, e.g.*, IAF, Tabs 4, 6, 10.  The appellant subsequently waived her right to a hearing.  *See* IAF, Tab 9.

¶3      The administrative judge issued an initial decision in which she affirmed the furlough actions.  CAF, Tab 14, Initial Decision (ID).  The administrative

judge found that the Department of Defense (DOD) faced a lack of funds and that the furloughs were a reasonable management solution to this problem. *See* ID at 4-5. She further found that the furloughs promoted the efficiency of the service and that the agency determined which attorneys to furlough in a fair and even manner. *See* ID at 5. The administrative judge acknowledged the appellants' assertions that the deciding official did not have authority to furlough them because the authority was retained at a higher level and that the deciding official did not have the authority to reach a decision different than the action stated in the proposal notice. *See* ID at 3. The administrative judge analyzed these assertions as a violation of due process, and she concluded that: (1) the appellants received meaningful due process; (2) the delegated deciding official had authority to furlough the appellants; (3) guidance from the Secretary of Defense "did not impinge on the ability of the deciding official in this case to exercise independent judgment regarding the sustaining of the proposed adverse action"; and (4) the fact that the deciding official did not except the appellants from the furlough does not mean that he did not have the authority to do so. ID at 5-7.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5 On review, the appellant contends that the administrative judge: (1) wrongly concluded that the deciding official, a Brigadier General, had the authority to furlough her because the delegation to him had been withdrawn and not re-delegated in a signed writing; (2) mischaracterized her due process argument and failed to address her assertion that the Brigadier General lacked the requisite independence, neutrality, and impartiality required of a deciding official; (3) ignored the parties' stipulation that a shortage of funds did not cause her furlough; and (4) wrongly concluded that the funding levels of the Europe

Regional Medical Command (ERMC), the appellant's organization, were not relevant to the furlough decision. PFR File, Tab 1 at 4-7.

¶6        Regarding the appellant's assertion that the deciding official did not have the authority to furlough her, the appellant raised this assertion as a claim of harmful procedural error below, *see* CAF, Tab 5, but the administrative judge did not discuss it as such in the initial decision. We therefore modify the initial decision to analyze this issue as a claim of harmful procedural error, but we conclude that the appellant did not prove this affirmative defense.

¶7        The relevant facts are largely undisputed. The Assistant Secretary of the Army delegated deciding official authority to a Lieutenant General who then delegated deciding official authority to the Brigadier General. *See* Department of the Army Administrative Record for FY 2013 Furlough Appeals (Army File), Tab 9, *available at* http://www.mspb.gov/furloughappeals/army2013.htm; CAF, Tab 3, Subtab 4j; *see also* CAF, Tab 13 at 11 (declaration). Subsequently, on June 5, 2013, the Lieutenant General issued a memorandum in which she attempted to exempt eleven attorneys, including the appellant, from the furlough. *See* IAF, Tab 10 at 9.[3] In this memorandum, the Lieutenant General stated that she was "retaining [her] authority as the Deciding Official for these specific personnel," and she explained that she was "exempting these employees in [her] role as Deciding Official . . . under authority given [to her] by the Secretary of the Army." *Id*. The Lieutenant General subsequently stated, in a declaration made under penalty of perjury, that she was informed that, even as the deciding official, she was not authorized to exempt these attorneys until after providing notice and considering their responses. *See* CAF, Tab 13 at 11-12. The Lieutenant General therefore directed her Chief of Staff to rescind the June 5, 2013 memorandum. *See id*. The Lieutenant General stated in her declaration that after she rescinded

---

[3] Because the appellant's petition for review only discusses the June 5, 2013 memorandum, we do not discuss the Lieutenant General's earlier attempt to exempt these attorneys. *See, e.g.*, CAF, Tab 13 at 11.

the June 5, 2013 memorandum, she "decided to allow [the] commanders that [she] had designated as deciding officials to take whatever actions they felt appropriate in deciding whether to exempt these attorneys from the furlough" and that she "took no further actions regarding the possible exemption of [the] attorneys." *Id.* at 12. On July 1, 2013, the Brigadier General informed the appellant that she would be furloughed. *See* IAF, Tab 5 at 12-14. There is no evidence in the record that the Lieutenant General subsequently played any role in the agency's decision to furlough the appellant.

¶8 The record reflects that "[a]ny designation as a Deciding Official and re-delegation of the requisite authorities will take effect only when it is in writing and signed by the designating official." Army File, Tab 9 at 65. The parties stipulated that the Lieutenant General's June 5, 2013 memorandum was never rescinded in writing. *See* IAF, Tab 10 at 11. We understand the appellant's claim of error to be that the Lieutenant General failed to re-delegate in writing deciding official authority to the Brigadier General after she issued the June 5, 2013 memorandum and before he issued the decision on the appellant's furlough. *See, e.g.*, *id.* at 6. Based on our review of the record, the appellant has not persuaded us that any such error occurred.

¶9 Only if the delegated deciding official authority to the Brigadier General had been withdrawn would there be a need for a written re-delegation of this authority. There is no evidence, however, that the Lieutenant General intended the June 5, 2013 memorandum to constitute withdrawal of any deciding official authority that she previously had delegated to the Brigadier General. The memorandum itself does not state that any delegated deciding official authority was being withdrawn. *See id.* at 9. Moreover, the Lieutenant General stated in her declaration that "[i]t was not [her] intent to withdraw any authority that [she] had delegated to any of [her] subordinate commanders" in the June 5, 2013 memorandum, and she explained that if she wanted to withdraw that authority, she "would have specifically stated that [she] was withdrawing the authority from

the individual commanders." CAF, Tab 13 at 12. She further declared that "[e]ach commander who was designated as a deciding official . . . continued to be authorized to act as a deciding official throughout the administrative furlough process." *Id*. The appellant offers no persuasive evidence to challenge the Lieutenant General's statements in this regard, and we conclude that the June 5, 2013 memorandum did not constitute a withdrawal of the deciding official authority that had been delegated to the Brigadier General. In the absence of any withdrawal of the delegated deciding official authority to the Brigadier General, there was no need for a written re-delegation of this authority, and, thus, there was no error.

¶10    Even if we assumed for the purposes of our analysis that the June 5, 2013 memorandum constituted a withdrawal of the deciding official authority that had been delegated to the Brigadier General, and that the re-delegation of such authority was never made in writing, contrary to agency procedures, the appellant must still prove that the agency's error was harmful. An agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The Board may not assume that an employee has been harmed by a procedural error in the adverse action process; rather, the appellant bears the burden of proving harm. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015).

¶11    Although the nature of the harm asserted by the appellant is unclear, she appears to content on review that she would have been exempted from the furlough were it not for the agency's error in failing to re-delegate in writing deciding official authority to the Brigadier General. *See* PFR File, Tab 1 at 5 (arguing that "the only person with authority to furlough [the] Appellant was [the Lieutenant General], and she exercised that authority to exempt [the] Appellant

from the furlough"). The appellant has not proven that she was harmed by this alleged agency error.

¶12    The appellant's apparent contention that she would have been exempted absent the agency's error is at best speculative, and the Board has held that such speculation does not constitute harm. *See, e.g.*, *Defense Intelligence Agency v. Department of Defense*, 2015 MSPB 35, ¶¶ 13-15 (concluding that, even if the agency's instruction required that the proposing and deciding officials be in the appellant's supervisory chain, the appellant's speculation that the attorneys in his supervisory chain "may well have worked to exempt" him from the furlough had they been made aware of certain information did not meet his burden of proving that the agency's failure to assign the appropriate proposing and deciding officials was likely to have caused the agency to reach a different decision on the proposed furlough action); *Pumphrey*, 122 M.S.P.R. 186, ¶¶ 9-11 (even if the agency should have granted the appellant's requests for official time and an extension of time to reply to the proposal notice, the appellant's speculation was insufficient to meet his burden of proving harm).

¶13    Regarding the appellant's assertion that the Brigadier General did not have the requisite decisional independence, we modify the initial decision to supplement the administrative judge's due process analysis, but we conclude that the appellant did not prove that the agency violated her due process rights.

¶14    The Board considered and rejected a similar argument regarding decisional independence in *Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶¶ 4, 6, 9 (2014), which was issued after the initial decision in this matter was issued. In *Kelly*, the Board noted that the deciding official provided a declaration made under penalty of perjury, which: (1) explained that he carefully reviewed each individual's submission, the agency's documents relied upon in issuing the proposal notice, any supporting documents submitted by the appellants, and the reply official's recommendation; (2) stated that he "made an individual determination if the proposed action stated any basis for an exemption and issued

a decision specifying the basis for [his] determination"; and (3) asserted that he had "authority to individually exempt an employee if they [sic] met an exemption." *Id.*, ¶ 9. Based on this evidence, the Board concluded that the agency's procedures satisfied the requirements of due process. *Id.*

¶15 The record in this matter contains a similar declaration from the Brigadier General, which stated, in relevant part:

> I considered any and all submissions made to me in response to the proposed notice of furlough. I had the full authority to implement, mitigate, or rescind the furlough for each. I never felt any pressure from my higher headquarters . . . or leaders to furlough employees. I exercised sole authority over the decisions to furlough.
>
> . . .
>
> I believed that I had full latitude to take action and that the matter was directed to the Regional Medical Center . . . level for consideration and action. Had I thought it was appropriate, I had the option to implement, mitigate, rescind[, ]and later recall personnel from furlough. . . .[T]he ERMC Command Judge Advocate[] did seek exemptions on his subordinate's behalf; however, I did not agree with his recommendation, which was within my authority as the Deciding Official.

CAF, Tab 9 at 19-20. Based on this evidence, we find that the agency's procedures satisfied due process, *see Kelly*, 121 M.S.P.R. 408, ¶ 9, and the appellant has not proven her assertion of a due process violation.

¶16 Finally, we understand the appellant's arguments regarding ERMC funding to challenge the administrative judge's conclusion that the agency had a lack of funds and that the furloughs met the efficiency of the service. *See, e.g.*, PFR File, Tab 1 at 6 ("If no lack of funding was foreseen [at ERMC] this necessarily is also evidence that higher units and commands, to include the [DOD], also did not have a lack of funds necessitating the appellant's furlough."). The appellant correctly asserts on review that the administrative judge did not mention in the initial decision that the parties stipulated that the ERMC "did not experience or foresee a deficit or lack of funds necessitating" the appellant's furlough. PFR File, Tab 1 at 6; *see* ID; *see also* IAF, Tab 10 at 11 (stipulation). However, an administrative

judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶17     Even if we consider the parties' stipulation and the appellant's arguments regarding ERMC funding on review, a different outcome is not warranted.  In *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014), the Board held that, even though the appellants alleged that there was adequate funding in the Navy to avoid the furloughs, it was reasonable for DOD to consider its budget situation holistically, rather than isolating each individual military department's situation in making furlough decisions.  Similarly, here, even if the ERMC had adequate funding to avoid the appellant's furlough, it was reasonable for DOD to consider its budget situation holistically, rather than isolating the situation of each individual Army organization or component.  *See id.*; *see also Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 15 (2015).  The appellant has not provided any evidence that the administrative judge erred when she concluded that DOD faced a lack of funds or that the appellant's furlough was a reasonable management solution to this problem.  We therefore affirm the administrative judge's finding that the furloughs promoted the efficiency of the service.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                  _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.